UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CAMRYN S.,

            Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

Case No. 3:20-cv-05655-TLF

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of his applications for supplemental security income ("SSI") benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court affirms Defendant's decision to deny benefits.

I.    <u>ISSUES FOR REVIEW</u>

1. Did the ALJ err in evaluating the medical opinion evidence?
2. Did the ALJ provide clear and convincing reasons for discounting Plaintiff's testimony?

II.    <u>BACKGROUND</u>

Plaintiff filed a claim for child's benefits on January 26, 2012, which was denied on initial review, and later filed a claim for SSI on October 21, 2014, which was also denied. AR 15, 70.

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 1

Plaintiff filed a new claim for SSI on April 3, 2017, alleging a disability onset date of August 5, 1995. AR 15, 180-86. Plaintiff's claims were denied initially and upon reconsideration. AR 15, 102-05, 112-14. ALJ David Johnson held a hearing on February 27, 2019. AR 34-67. On May 24, 2019, ALJ Johnson issued a decision finding that Plaintiff was not disabled. AR 12-28. On April 30, 2020, the Social Security Appeals Council denied Plaintiff's request for review. AR 1-6.

Plaintiff seeks judicial review of ALJ Johnson's May 24, 2019. Dkt. 6.

### III.  STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

### IV.  DISCUSSION

In this case, the ALJ found that Plaintiff had the severe impairments of gender dysphoria, major depressive disorder, anxiety disorder, personality disorder, obesity, chronic pain syndrome, somatic pain, polyarthralgia, fibromyalgia, asthma, diarrhea, and hidradenitis suppurativa. AR 17-18. Based on the limitations stemming from Plaintiff's impairments, the ALJ found that Plaintiff could perform a full range of work at all exertional levels, with a range of work-related postural and mental limitations. AR 20. Relying on vocational expert ("VE") testimony, the ALJ found that Plaintiff could not perform his past work, but could perform other unskilled work; therefore the ALJ

1  determined at step five of the sequential evaluation that Plaintiff was not disabled. AR
2  27-28, 60-63.
3       A.  <u>Whether the ALJ erred in evaluating the medical opinion evidence</u>
4       Plaintiff contends that the ALJ erred in evaluating the opinions of psychologists
5  Curtis Greenfield, Psy.D., Tasmyn Bowes, Psy.D., Keri A. Tarantino, Psy.D., and
6  Terilee Wingate, Ph.D. Dkt. 12, pp. 3-13.
7       Under current Ninth Circuit precedent, an ALJ must provide "clear and
8  convincing" reasons to reject the uncontradicted opinions of an examining doctor, and
9  "specific and legitimate" reasons to reject the contradicted opinions of an examining
10 doctor. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1996).
11      The Social Security Administration changed the regulations applicable to
12 evaluation of medical opinions, eliminating a hierarchy among medical opinions, but still
13 requiring ALJs to explain their reasoning and specifically address how they considered
14 the supportability and consistency of each opinion. *See* 20 C.F.R. § 416.920c;
15 Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-
16 01 (Jan. 18, 2017).
17      Regardless of the change to the regulations, an ALJ's reasoning must be
18 supported by substantial evidence and free from legal error. *Ford v. Saul*, 950 F.3d
19 1141, 1153-56 (9th Cir. 2020) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th
20 Cir. 2008)); *see also Murray v. Heckler*, 722 F.2d 499, 501–02 (9th Cir. 1983).
21      Under 20 C.F.R. § 416.920c(a), (b)(1)-(2), the ALJ is required to explain whether
22 the medical opinion or finding is persuasive, based on whether it is supported and
23
24
25

whether it is consistent. *Brent S. v. Commissioner, Social Security Administration*, No. 6:20-CV-00206-BR, 2021 WL 147256 at *5 - *6 (D. Oregon January 16, 2021).

These are the two most important factors in the ALJ's evaluation of medical opinions or findings; therefore, "[t]he 'more relevant the objective medical evidence and supporting explanations presented' and the 'more consistent' with evidence from other sources, the more persuasive a medical opinion or prior finding." *Linda F. v. Saul*, No. C20-5076-MAT, 2020 WL 6544628, at *2 (quoting 20 C.F.R. § 404.1520c(c)(1)-(2)).

1. Dr. Greenfield and Dr. Bowes

Psychologist Dr. Greenfield examined Plaintiff for the Washington Department of Social and Health Services ("DSHS") on October 19, 2017. AR 581-85. Dr. Greenfield's evaluation consisted of a clinical interview, a mental status examination, and a review of the available medical evidence. Based on this evaluation, Dr. Greenfield opined that Plaintiff would have a range of moderate, marked, and severe work-related limitations, and that Plaintiff's overall degree of limitation was marked. AR 583.

On November 2, 2017, Dr. Bowes performed a review of the medical evidence for DSHS and concurred with Dr. Greenfield's opinion. AR 586-89.

The ALJ found the opinions of Dr. Greenfield and Dr. Bowes unpersuasive, reasoning that they were: (1) inconsistent with the medical record; (2) based on statements from Plaintiff not supported by the medical record; and (3) inconsistent with Plaintiff's self-reported activities of daily living. AR 26.

With respect to the ALJ's first two reasons, the new regulations require the ALJ to consider the "consistency" of a medical source's opinion with the evidence from other medical sources and nonmedical sources in the claim; the more consistent the medical

1  opinion is with this evidence, the more persuasive the medical opinion will be. 20 C.F.R.

2  § 416.920c(c)(2); *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (An ALJ may

3  give less weight to medical opinions that conflict with treatment notes).

4      The new regulations also require an ALJ to consider the "supportability" of a

5  medical opinion, meaning that the "more relevant the objective medical evidence and

6  supporting explanations presented by a medical source are to support his or her

7  medical opinion(s) … the more persuasive the medical opinions" will be. 20 C.F.R. §

8  416.920c(c)(1).

9      Here, the ALJ found that during the period at issue, Plaintiff typically exhibited

10 normal mood and affect and intact cognition, insight, and judgment, and that Plaintiff's

11 report that he has suffered from hallucinations for 10 years was not supported by the

12 available evidence; the ALJ's findings are supported by the medical record. AR 26, 539,

13 563, 574, 582, 584-85, 595, 601, 609, 613, 616, 622, 629, 634, 638, 694, 702, 711, 808,

14 814, 817.

15     Accordingly, the ALJ has provided valid reasons, supported by substantial

16 evidence, for discounting the opinions of Dr. Greenfield and Dr. Bowes.

17     2.  <u>Dr. Tarantino</u>

18     Psychologist Dr. Tarantino examined Plaintiff on August 20, 2017. AR 560-65.

19 Dr. Tarantino's evaluation consisted of a clinical interview, a mental status examination,

20 and a review of the available evidence. Based on this evaluation, Dr. Tarantino opined

21 that Plaintiff would have difficulty performing detailed and complex tasks, interacting

22 with co-workers and the public, performing work activities on a consistent basis,

23 maintaining regular workplace attendance, completing a normal work day or work week

24

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 5

without interruption from psychiatric symptoms, and dealing with the usual stress encountered in the workplace. AR 564-65.

The ALJ found Dr. Tarantino's opinion unpersuasive for the same reasons he discounted the opinions of Dr. Greenfield and Dr. Bowes. AR 26. For the reasons discussed above, the ALJ has provided valid reasons, supported by substantial evidence, for discounting Dr. Tarantino's opinion. *See supra* Section A.1.

3. <u>Dr. Wingate</u>

Dr. Wingate examined Plaintiff on November 24, 2015 for DSHS. AR 496-503. Dr. Wingate's evaluation consisted of a clinical interview, a mental status examination, and a review of the available evidence. Based on this evaluation, Dr. Wingate opined that Plaintiff would have a range of moderate work-related mental limitations. AR 498.

The ALJ found Dr. Wingate's opinion unpersuasive, reasoning that it was rendered long before Plaintiff filed his SSI application, and does not provide an accurate assessment of Plaintiff's functioning during the period at issue. AR 25.

Medical opinions rendered long before the period at issue can be of limited probative value in ascertaining a claimant's functional capacity after his or her alleged onset date. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (stating that "[m]edical opinions that predate the alleged onset of disability are of limited relevance"). Under Social Security regulations, in order to evaluate an SSI claimant's "complete medical history" the agency is required to consider medical records for "at least" the 12 months preceding the month a claimant files an application. 20 C.F.R. § 416.912(b)(1)(ii).

Dr. Wingate's opinion was rendered approximately one year and five months before Plaintiff filed his SSI application, and the ALJ's conclusion that it was not probative concerning Plaintiff's functioning during the period at issue is supported by substantial evidence.

Further, even if Dr. Wingate's opinion was rendered during the period at issue, any error in the ALJ's evaluation would likely be harmless. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (Harmless error principles apply in the Social Security context). Dr. Wingate assessed Plaintiff as having no more than moderate work-related limitations, and in assessing Plaintiff's residual functional capacity ("RFC") the ALJ restricted Plaintiff to performing simple, routine tasks, with no more than occasional superficial with others, limitations broadly consistent with the restrictions contained in Dr. Wingate's opinion. AR 20.

Accordingly, the ALJ did not err in evaluating the medical opinion evidence.

B. <u>Whether the ALJ provided clear and convincing reasons for discounting Plaintiff's testimony</u>

Plaintiff contends that the ALJ erred by not providing clear and convincing reasons for discounting his testimony. Dkt. 12, pp. 13-17.

In weighing a claimant's testimony, an ALJ must use a two-step process. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no evidence of malingering, the second step allows the ALJ to reject the claimant's

testimony of the severity of symptoms if the ALJ can provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id.*

In discounting Plaintiff's symptom testimony, the ALJ reasoned that: (1) Plaintiff's allegations concerning his physical and mental impairments were inconsistent with the medical record; (2) Plaintiff's physical and mental impairments improved with treatment; and (3) Plaintiff did not follow treatment recommendations. AR 22-24.

With respect to the ALJ's first reason, inconsistency with the objective evidence may serve as a clear and convincing reason for discounting a claimant's testimony. *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). But an ALJ may not reject a claimant's subjective symptom testimony "*solely* because the degree of pain alleged is not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (internal quotation marks omitted, and emphasis added); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain).

For the reasons discussed above, the ALJ's finding that Plaintiff's testimony concerning his mental health impairments was inconsistent with the record is supported by substantial evidence. AR 24; *see supra* Section A. With respect to Plaintiff's physical impairments, the ALJ found that despite Plaintiff's complaints of pain, on examination Plaintiff typically exhibited a good range of motion, intact sensation and motor function in his extremities, and a normal gait. AR 23, 625, 634, 694, 701-02, 825-26, 834, 861, 863, 865, 874, 879. Accordingly, the ALJ's finding that Plaintiff's allegations concerning his physical and mental impairment were inconsistent with the medical record is supported by substantial evidence.

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 8

In citing the improvement in Plaintiff's physical and mental impairments with conservative treatment, the ALJ has provided an additional clear and convincing reason for discounting his testimony. A finding that a claimant's impairments are successfully managed with conservative treatment can serve as a clear and convincing reason for discounting a claimant's testimony. *See* 20 C.F.R. § 416.929(c)(3)(iv) (the effectiveness of medication and treatment are relevant to the evaluation of a claimant's alleged symptoms); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (evidence of medical treatment successfully relieving symptoms can undermine a claim of disability); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (citing *Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir.2007) (stating that "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment").

With respect to Plaintiff's physical impairments, the ALJ found that Plaintiff experienced improvement with conservative measures such as physical therapy, over the counter pain medication, heating pads, and osteopathic manipulative medicine. AR 22-23, 593, 596, 611-12, 614, 617, 716, 723, 737, 755, 758-59.

As for Plaintiff's mental health impairments, the ALJ found that despite Plaintiff's initial reluctance to pursue treatment, his treatment providers reported that he responded well to therapy. AR 24, 648, 652, 655, 664, 670, 768, 776, 779, 798, 801, 806.

The ALJ's finding that Plaintiff's physical and mental symptoms improved with treatment is supported by substantial evidence, and the ALJ has provided clear and convincing reasons for discounting his testimony.

CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ properly determined Plaintiff to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

Dated this 21st day of September, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge